IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


MICHAEL T. BURLINGAME,

     Plaintiff,

vs.

                                   Civil Action 2:11-CV-817
                                   Judge Sargus
                                   Magistrate Judge King


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

     Defendant.


## ORDER

Plaintiff seeks review of the administrative denial of his application for disability insurance benefits. On July 19, 2012, the United States Magistrate Judge recommended that the decision of the Commissioner of Social Security be affirmed and that action be dismissed. *Report and Recommendation*, Doc. No. 17. This matter is now before the Court on plaintiff's objections to that recommendation. *Objection*, Doc. No. 18. The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

The administrative law judge found that plaintiff's severe impairments consist of amnestic disorder secondary to a cardiac arrest with anoxia and cardiomyopathy with an installed defibrillator. The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with the residual functional capacity for light exertion and simple tasks that require no production quotas. Although this residual functional capacity precluded

plaintiff's past relevant work, the administrative law judge relied on the testimony of the vocational expert to find that plaintiff is able to perform a significant number of jobs in the national economy. Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act at any time prior to the lapse of his insured status on September 30, 2010. Doc. No. 10, *PAGEID## 50-59*.

In the *Statement of Errors* considered by the Magistrate Judge, plaintiff challenged the decision of the Commissioner in four respects: (1) the administrative law judge erred when he characterized Ken Bain, Ph.D., as a consulting neuropsychologist rather than as a treating provider and in substituting his lay opinion for that of Dr. Bain; (2) the administrative law judge erred in failing to include all of plaintiff's limitations in the hypotheticals posed to the vocational expert; (3) the administrative law judge erred in failing to secure the testimony of a psychological expert at the administrative hearing; and (4) the administrative law judge erred in his credibility assessment. The Magistrate Judge rejected all of plaintiff's arguments.

Specifically, the Magistrate Judge concluded that Dr. Bain, whose relationship with plaintiff consisted of testing administered on two different days, was not a treating provider whose opinions are entitled to controlling weight and that the administrative law judge's evaluation of those opinions was supported by substantial evidence in the record, as was the administrative law judge's determination that plaintiff retained the residual functional capacity for a reduced range of light work. The Magistrate Judge also rejected plaintiff's related challenge

2

to the hypotheticals posed to the vocational expert, reasoning that the administrative law judge properly included in those hypotheticals all the limitations found by him. The failure of the administrative law judge to obtain the testimony of a psychological expert at the administrative hearing was not an abuse of discretion, according to the Magistrate Judge, who also concluded that the administrative law judge's credibility determination applied all appropriate standards and enjoyed substantial support in the record. *Report and Recommendation*, pp. 8-15.

Plaintiff's objections raise the same arguments presented in his *Statement of Errors* and considered by the Magistrate Judge. The Court has carefully considered those objections, as well as the entire record in this action. For the reasons articulated in the *Report and Recommendation*, the Court concludes that those objections are without merit.

Plaintiff's *Objection,* Doc. No. 18, is **DENIED**. The *Report and Recommendation*, Doc. No. 17, is **ADOPTED AND AFFIRMED**. The decision of the Commissioner of Social Security is **AFFIRMED**. This action is hereby **DISMISSED**.

The Clerk shall enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. § 405(g).

9-6-2012
—————
Date

—————————————
Edmund A. Sargus, Jr.
United States District Judge

3